**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 14-4698**

───────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

WILLIE SHAWNDALE POLLARD,

        Defendant - Appellant.

───────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  James A. Beaty, Jr., Senior District Judge.  (1:13-cr-00456-JAB-1)

───────────

Submitted:  February 19, 2015        Decided:  March 4, 2015

───────────

Before NIEMEYER, FLOYD, and THACKER, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Louis C. Allen, Federal Public Defender, Eric D. Placke, First Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Steven N. Baker, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Willie Shawndale Pollard pled guilty to being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1) (2012). The district court sentenced Pollard to ninety-two months' imprisonment, a sentence near the middle of the Guidelines range of 84 to 105 months. On appeal, Pollard argues that his sentence was greater than necessary to satisfy the goals of sentencing enumerated in 18 U.S.C. § 3553(a)(2012). We conclude that Pollard's sentence is substantively reasonable, and affirm.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). Where, as here, no claim of procedural sentencing error is raised, we review the substantive reasonableness of the sentence. Id. at 51. In considering the substantive reasonableness of a sentence, we "examine[] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). The sentence imposed must be "sufficient, but not greater than necessary" to satisfy the goals of sentencing. 18 U.S.C. § 3553(a).

2

"[D]istrict courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors." United States v. Jeffery, 631 F.3d 669, 679 (4th Cir. 2011). Therefore, we "must defer to the trial court and can reverse a sentence only if it is unreasonable." United States v. Evans, 526 F.3d 155, 160 (4th Cir. 2008) (emphasis omitted). We presume on appeal that a within-Guidelines sentence is substantively reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014). The defendant bears the burden of rebutting this presumption "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." Id.

The district court correctly calculated the applicable Guidelines range and, after hearing Pollard's arguments for a sentence at the low end of the range, imposed a within-Guidelines sentence of ninety-two months. Pollard argues that the district court did not sufficiently consider his history of military service, educational achievements, or non-violent behavior at the time of his arrest. Pollard's arguments are unpersuasive. The district court reasonably determined that a sentence of ninety-two months was appropriate based on its individualized assessment of the facts of Pollard's case, the arguments made at the sentencing hearing, and the § 3553(a) factors. That the court did not articulate every § 3553(a)

factor or accord the weight that Pollard desired to the factors and arguments is not a basis for finding the sentence unreasonable.  See Rita v. United States, 551 U.S. 338, 358 (2007).  Based on a totality of the circumstances, we conclude that the district court did not abuse its discretion in imposing the chosen sentence, and that Pollard's sentence is reasonable.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED